Mr. Chief Justice Sharkey
delivered the opinion of the court.
This was an action on a supersedeas bond, against Porter and his sureties, but one of whom is now party to the proceedings. The defendant Drane pleaded live special pleas, to which the plaintiff replied. The defendant demurred to the replications to the first, second and third, and after the demurrer was sustained, withdrew the fourth and fifth pleas. The plaintiff asked leave to amend his replications, but this the court refused, and rendered judgment against him.
Two questions have been discussed; first, as to the correctness of the decision on the demurrer, and, second, on the refusal of the court to allow the plaintiff to amend.
The first plea was performance. The plaintiff replied and assigned, that the defendant “did not prosecute his said super-sedeas with effect, nor has he well and truly paid, &c.” This breach is defective in one particular; it does not aver that a supersedeas issued. If it did not, the defendant could not prosecute it. The breach of a bond must state all that is necessary to give the plaintiff a cause of action, with particularity as to how the breach occurred, for, otherwise, no sufficient certain issue would be attained. The defendants had a right to put in issue the existence or issuance of the supersedeas.
The decision on the demurrer to the second and third replications, is not seriously controverted. But it is said, in the second place, that the court erred, in refusing permission to amend, and the statute of 1840 is relied on. Apart from this statute, the decisions of this court are against the position here assumed. We have uniformly held, that amendments are within the discretion of the court, and the refusal to allow them, is not ground of error. The case of the Vicksburg Water Works Bank v. Washington, 1 S. & M. 536, so decides, in a case very much like the present.
The first section of the statute, requires the pleadings to be made up, and issues of law disposed of at the return term; but the fifth section provides, that, if it shall be discovered at the trial term, that the pleadings are defective, or issues tendered are immaterial, it shall be the duty of the court, and the judge *308 is thereby required, to canse the same to be amended or perfected instanter, so that the merits of the controversy shall be fairly put to the jury. Acts of 1840, 133. This statute very clearly provides for the case before us. The pleadings were defective, and the merits could not be reached without amendment. It is no longer discretionary with the court, to allow or disallow amendments. The act is imperative, that it shall he the duty of the judge, and he is thereby required, to allow the amendment to be made if deserved. Such is the construction which was placed on it, in the case of Kain v. May, 5 S. & M. 368, and also at the present time.
This statute necessarily changes the rule which had been established by this court, in accordance with the principles of the common law. And it is proper to observe, that the case of the Water Works Bank v. Washington, although the decision was made since the passage of the statute, was decided on pleas put in before the statute, and the attention of the court was not called to the statute by counsel.
The court should have permitted the plaintiff to amend, and, for this error, the judgment must be reversed, and the cause remanded.